FILED
**United States Court of Appeals**
**Tenth Circuit**

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

**December 14, 2021**

**Christopher M. Wolpert**
**Clerk of Court**

_____

ELON EVERETT,

    Petitioner - Appellant,

v.

RYAN LONG; THE ATTORNEY
GENERAL OF THE STATE OF
COLORADO,

    Respondents - Appellees.

No. 21-1267
(D.C. No. 1:19-CV-03563-DDD)
(D. Colo.)

_____

## ORDER DENYING CERTIFICATE OF APPEALABILITY[*]
_____

Before **MATHESON**, **BRISCOE**, and **PHILLIPS**, Circuit Judges.
_____

Petitioner Elon Everett, a Colorado state prisoner proceeding pro se,[1] seeks a

certificate of appealability ("COA") to appeal the district court's dismissal of his

28 U.S.C. § 2254 habeas corpus petition. We are persuaded reasonable jurists would not

debate the correctness of the district court's rulings on the issues presented, *Miller-El v.*

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] "Although we liberally construe pro se filings, we do not assume the role of advocate." *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008) (internal quotation omitted).

*Cockrell*, 537 U.S. 322, 338 (2003), and thus we deny Everett's request for a COA and dismiss this matter.

## I

In 2006, Elon Everett was convicted by a jury in Colorado state court on two counts of sexual assault. The state district court sentenced him to an indeterminate term of ten years to life imprisonment and designated him as a sexually violent predator ("SVP"). On November 9, 2006, Everett filed a notice of appeal in the Colorado Court of Appeals.

On May 10, 2011, while the direct appeal was pending, Everett filed his first habeas petition under 28 U.S.C. § 2254 in the U.S. District Court for the District of Colorado, alleging a due process violation because his appeal was taking too long. On August 31, 2011, the federal district court denied habeas relief after analyzing the procedural history in state court and concluding that Everett's rights had not been violated. Everett did not appeal.

On November 10, 2011, the Colorado Court of Appeals affirmed Everett's judgment and sentence for sexual assault of a physically helpless victim; vacated the judgment and sentence for sexual assault on a victim incapable of appraising the nature of her conduct; vacated the SVP designation; and remanded the case with instructions to the state district court to make further findings on whether Everett was an SVP. On October 29, 2012, the Colorado Supreme Court denied certiorari review.

In October 2012, before certiorari was denied on direct appeal, Everett filed his first motion for postconviction relief pursuant to Rule 35(b) of the Colorado Rules of

Criminal Procedure. On August 21, 2013, the state district court denied the Rule 35(b)

motion and re-designated Everett as an SVP. Everett appealed, and on June 18, 2014,

while that appeal was pending, he filed a second postconviction motion pursuant to Rule

35(c) of the Colorado Rules of Criminal Procedure. On September 10, 2014, Everett had

his Rule 35(b) appeal dismissed so that the state district court would have jurisdiction to

consider his Rule 35(c) motion. The state district court then denied the Rule 35(c)

motion, and the Colorado Court of Appeals affirmed. On September 30, 2019, the

Colorado Supreme Court denied Everett's petition for writ of certiorari.

On December 16, 2019, Everett filed his second 28 U.S.C. § 2254 habeas petition,

which is the case underlying this application for a COA. This time, Everett challenged

the validity of his state court conviction and asserted the following claims for relief:

1. Whether the state district court erred in admitting the victim's rape kit (with three subparts);

2. Whether the two counts of sexual assault must merge because they were based on one sexual act;

3. Whether the state district court erred in denying Everett's challenge for cause to Juror D.G. because she said the charges against Everett were "some evidence";

4. Whether the state district court violated Everett's right to a public trial by closing the preliminary hearing to the public during the victim's testimony;

5. Whether the evidence was insufficient to support the conviction for sexual assault of a physically helpless victim;

6. Whether a new trial was required because there was no transcript of the hearing held on Everett's request for substitute counsel, and the state district court erred by denying Everett's request for substitute counsel;

3

7.  Whether the state district court erred by denying Everett's motion for a mistrial after a witness testified that Everett had been incarcerated;

8.  Whether the state district court erred by overruling defense counsel's objections to statements in the prosecutor's rebuttal closing argument;

9.  Whether the Colorado Sex Offender Lifetime Supervision Act of 1998 is unconstitutional;

10. Whether the state district court erred by denying Everett's motion for an abbreviated proportionality review of his sentence;

11. Whether the state district court erred by denying Everett's motion for an abbreviated proportionality review of his sentence (same as Claim 10);

12. Whether the SVP designation must be stricken from the mittimus because the state district court never designated Everett an SVP;

13. Ineffective assistance of counsel (with ten subparts);

14. Whether the state district court erred by denying Everett's motion alleging ineffective assistance of trial counsel and appellate counsel;

15. Whether the state district court was without statutory authority and thus without jurisdiction to designate Everett an SVP;

16. Whether in the absence of any evidence the defense spoke with a witness, the record supports a postconviction court's denial of an ineffective assistance of trial counsel claim because it is "inconceivable" the defense did not speak to a witness and would not have made such a decision not to call a witness without having a reason;

17. Whether the Colorado Court of Appeals erred in refusing to address the state district court's authority to designate SVP status.

ROA, at 382–84.

4

After reviewing the respondents' pre-answer, the district court dismissed some of the claims as procedurally defaulted or otherwise procedurally barred.[2] The respondents then answered, and Everett replied. The district court denied all pending habeas claims and dismissed his case with prejudice. The district court also denied a COA in the same order. A separate judgment was entered.

Everett filed a timely appeal and now seeks a COA from this court, requesting that his convictions be vacated and the case remanded for a new trial.

## II

"A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017). "Federal law requires that he first obtain a COA from a circuit justice or judge." *Id*. (citing 28 U.S.C. § 2253(c)(1)). To obtain a COA, a state prisoner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires the applicant to "sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336 (alteration in original) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). In other words, the applicant must show that the district court's resolution of the claims was "debatable or wrong." *Slack*, 529 U.S. at 484.

---

[2] The district court determined that Claims 1(a), 1(c), 7, 12, 13(b)–(g), 13(i)–(j), and 17 were procedurally barred; Claim 11 was duplicative of Claim 10; Claim 15 failed to present a federal question; and Claim 16 was part of Claim 14. ROA, at 393.

5

To obtain a COA, the applicant must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The last state court to evaluate the merits of Everett's case was the Colorado Court of Appeals. Thus, federal habeas relief is only available if we conclude that court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

Further, when a district court dismisses a § 2254 claim on procedural grounds, an applicant is entitled to a COA only if he shows that reasonable jurists would find it debatable whether he had stated a valid constitutional claim and whether the district court's procedural ruling was correct. *Slack*, 529 U.S at 484–85.

## III

In his application for COA, Everett seeks to challenge (1) the district court's ruling that some claims are procedurally defaulted or otherwise procedurally barred and (2) the district court's denial of the remaining claims.

### A.    Procedurally Defaulted or Procedurally Barred Claims

Everett argues that he is entitled to a COA because reasonable jurists would find it debatable whether he had stated a valid constitutional claim and whether the district court's procedural rulings were correct for the following claims: (1) the admissibility of the victim's rape kit; (2) the denial of the motion for a mistrial; (3) the SVP designation; and (4) ineffective assistance of counsel.

6

In order to obtain federal habeas corpus review, a state prisoner must have exhausted the remedies available in state court. *See* 28 U.S.C. § 2254(b)–(c); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *Demarest v. Price*, 130 F.3d 922, 932 (10th Cir. 1997). To do so, the applicant must have "fairly present[ed]" his claim "in each appropriate state court . . . thereby alerting that court to the federal nature of the claim." *Baldwin*, 541 U.S. at 29; *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.").

Additionally, under the "procedural default" doctrine, a claim which an applicant presented in state court cannot be reviewed on the merits in a federal habeas action if it was precluded from review in the state court under an "independent and adequate state ground." *Coleman v. Thompson*, 501 U.S. 722, 731–32, 735 n.1 (1991). "A state procedural ground is independent if it relies on state law, rather than federal law, as the basis for the decision." *English v. Cody*, 146 F.3d 1257, 1259 (10th Cir. 1998). A state procedural ground is adequate if it "was firmly established and regularly followed." *Beard v. Kindler*, 558 U.S. 53, 60 (2009) (internal quotation marks omitted).

### 1. *Admissibility of Victim's Rape Kit*

Everett claims that the state district court erred in admitting the victim's rape kit, specifically that (1) the kit's evidence property report and envelope, which were used to establish the kit's chain of custody, did not satisfy the foundational requirements of Rule

803(6) of the Colorado Rules of Evidence and (2) the state did not establish a proper chain of custody for the rape kit.[3]

The Colorado Court of Appeals addressed and rejected each contention. The Court of Appeals determined that the state district court did not abuse its discretion in admitting the victim's rape kit because (1) the kit's evidence property report and envelope were admissible as a police record and an officer's testimony established each requirement to admit the property report and envelope under Rule 803(6), and (2) the Government's evidence accounting for the kit's whereabouts at all times established its chain of custody.

The district court determined that Everett failed to present these issues as a federal constitutional claim to the state court and therefore failed to exhaust state remedies for these claims. The district court then concluded that the claims were subject to anticipatory procedural default and could not be considered because Everett failed to demonstrate cause and prejudice or a fundamental miscarriage of justice.

We hold that reasonable jurists would not debate the district court's conclusion. Federal courts may not dismiss a claim on the ground that it has not been exhausted if the applicant no longer has an adequate and effective state remedy available to exhaust. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Instead, such a claim is subject to anticipatory procedural default—even if it has not actually been raised and rejected by

---

[3] District court's Claim 1, ROA, at 382; Everett's Claims 7(1)–7(2), Application for Certificate of Appealability ("Application"), at 15. Everett also claims that the writings on these documents violated his Confrontation Clause rights, which the district court reviewed on the merits and we will address in Section B.

state courts on a procedural ground—if it is clear that the claim would now be so rejected because of an independent and adequate state procedural rule. *See Coleman*, 501 U.S. at 735 n.1. Federal courts "do not review issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the default is excused through a showing of cause and actual prejudice or a fundamental miscarriage of justice." *Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998).

As the district court noted, these claims were subject to anticipatory procedural default because Everett no longer has an adequate and effective remedy available to him with respect to those claims. Specifically, Rule 35(c)(3)(VII) of the Colorado Rules of Criminal Procedure prevents Everett from returning to state court to raise these claims as federal constitutional claims in a new postconviction motion. Rule 35(c)(3)(VII) provides that with limited exceptions not applicable to Everett, the state court must dismiss any claim that could have been presented in a prior appeal or postconviction proceeding. Rule 35(c)(3)(VII) is independent because the rule relies on state rather than federal law, and the rule is adequate because Colorado courts apply it evenhandedly. *See, e.g.*, *People v. Vondra*, 240 P.3d 493, 494–95 (Colo. App. 2010) (applying Rule 35(c)(3)(VII) to reject claims that were or could have been raised in prior proceeding); *see also LeBere v. Abbott*, 732 F.3d 1224, 1233 n.13 (10th Cir. 2013) (noting that several unpublished cases have indicated Rule 35(c)(3)(VII) is an independent and adequate state ground precluding federal habeas review). Everett also fails to demonstrate cause and prejudice or a fundamental miscarriage of justice. Reasonable jurists therefore would not

9

debate the district court's conclusion that Everett's claim challenging the admissibility of the rape kit must be dismissed.

### 2.    *Denial of Motion for Mistrial*

Everett argues that the state district court erred by denying his motion for a mistrial after a witness testified that Everett had been incarcerated.[4]  On direct appeal, Everett raised this claim as a state law claim, and the Colorado Court of Appeals concluded that the state district court did not abuse its discretion by denying Everett's motion for a mistrial.

The district court determined that because Everett failed to present this claim to the Colorado Court of Appeals as a federal constitutional claim, Everett failed to exhaust state remedies.  The claim was subject to anticipatory procedural default because Everett no longer has an adequate and effective remedy available to him.  *See* Colo. R. Crim. P. 35(c)(3)(VII).  As explained above, Colorado Rule of Criminal Procedure 35(c)(3)(VII) is independent and adequate and prevents Everett from returning to state court to raise the claim as a federal constitutional claim in a new postconviction motion.  Everett also fails to demonstrate cause and prejudice or a fundamental miscarriage of justice.  Reasonable jurists therefore would not debate the district court's conclusion that the mistrial claim must be dismissed.

---

[4] District court's Claim 7, ROA, at 383; Everett's Claim 7(3), Application, at 15.

10

### 3.    *SVP Designation*

Everett raises three claims regarding the SVP designation: (1) the SVP designation must be stricken from the mittimus because the state district court never designated Everett an SVP;[5] (2) the state district court lacked statutory authority and thus lacked jurisdiction to designate Everett an SVP;[6] and (3) the Colorado Court of Appeals erred in refusing to address the state district court's authority to designate SVP status.[7]

On direct appeal, Everett argued that the "sexually violent predator" annotation on the mittimus should be stricken because the sentencing court did not find that Everett was a "sexually violent predator" under Colo. Rev. Stat. § 18-3-414.5 (2004).  The Colorado Court of Appeals rejected his suggestion that the court did not designate him an SVP but agreed that the court could not yet do so because his risk of reoffending had not yet been assessed.  The Court of Appeals, relying on state law, vacated the SVP designation and remanded the case to the state district court to make the requisite specific findings of fact based on a risk assessment screening instrument as to whether Everett qualified for SVP designation.  In postconviction proceedings, Everett initially appealed the SVP designation that the state district court entered on August 21, 2013 in a Rule 35(b) motion, but then he withdrew his appeal on that issue.  He again raised the SVP issue in

---

[5] District court's Claim 12, ROA, at 383; Everett's Claim 7(4)(A), Application, at 15.

[6] District court's Claim 15, ROA, at 383; Everett's Claim 7(4)(B), Application, at 15.

[7] District court's Claim 17, ROA, at 384; Everett's Claim 7(4)(C), Application, at 15.

his second postconviction motion under Rule 35(c), but the Court of Appeals declined to consider Everett's arguments regarding the state district court's authority to designate him an SVP because his appeal was untimely on that issue.

Upon review of these state court records, the district court determined that Everett failed to present these claims to the Colorado Court of Appeals as federal constitutional claims. Everett does not allege any constitutional basis for his argument that the state district court lacked statutory authority to designate him an SVP. Further, the claims are procedurally defaulted because the claims were or would be denied on an independent and adequate state law ground, and Everett no longer has a remedy available to him. *See LeBere*, 732 F.3d at 1230 (explaining that Colo. R. Crim. P. 35(c)(3)(VI) "prohibits not only claims previously decided on the merits, but also claims where review 'would be nothing more than a second appeal addressing the same issues on some recently contrived constitutional theory'"). Everett also fails to demonstrate cause and prejudice or a fundamental miscarriage of justice. Reasonable jurists therefore would not debate the district court's conclusion that the SVP claims must be dismissed.

### 4. *Ineffective Assistance of Counsel*

Everett raises the following claims regarding ineffective assistance of counsel: (1) failure to consult with him during pretrial and trial preparation; (2) failure to investigate his background regarding alcohol/drug abuse and mental-health issues; (3) failure to prepare and present an adequate defense and prepare and present the affirmative defense of consent; (4) failure to challenge the state district court's abuse of discretion in permitting the introduction of prejudicial evidence; (5) failure to challenge

12

the lack of sufficient evidence to support the prosecution's charges against him;
(6) failure to challenge the prosecution's failure and/or refusal to elect between counts
one and two; (7) failure to challenge the court's error in imposing an illegal sentence; and
(8) failure to initiate plea discussions with the prosecution as an alternative to proceeding
to trial.[8]

The district court noted that Everett had not raised these claims in his state court
proceedings and that any attempt to present these unexhausted claims to the state courts
would be rejected under Colorado Rule of Criminal Procedure 35(c)(3)(VII).  Because
Rule 35(c)(3)(VII) is an independent and adequate state ground, the claims are defaulted
under the doctrine of anticipatory default.  Everett also fails to demonstrate cause and
prejudice or a fundamental miscarriage of justice.  After reviewing the record on appeal,
we conclude that reasonable jurists would not disagree with the district court's
conclusions.

## B.    Denial of Remaining Habeas Claims

Everett argues that he is entitled to a COA because reasonable jurists would debate
the district court's denial of the following remaining habeas claims: (1) violation of the
Confrontation Clause relating to the admission of the victim's rape kit; (2) right to a
public trial; (3) insufficient evidence to support his conviction; (4) the constitutionality of

---

[8] District court's Claim 13, ROA, at 383; Everett's Claims 5(5)–5(6), 7(5)–7(12),
Application, at 11, 15–16.  Everett's remaining two ineffective assistance of counsel
claims that were not procedurally barred and that the district court reviewed on the merits
are discussed in Section B.

the Colorado Sex Offender Lifetime Supervision Act of 1998; (5) ineffective assistance

of trial counsel; and (6) ineffective assistance of appellate counsel.

Pursuant to 28 U.S.C. § 2254(d), a writ of habeas corpus may not be issued with

respect to any claim that was adjudicated on the merits in state court unless the state court

adjudication (1) resulted in a decision that was contrary to, or involved an unreasonable

application of, clearly established federal law, as determined by the Supreme Court of the

United States, § 2254(d)(1), or (2) resulted in a decision that was based on an

unreasonable determination of the facts in light of the evidence presented in the state

court proceeding, § 2254(d)(2).  Everett bears the burden of proof under this statute.  *See*

*Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

### 1.    *Admission of the Victim's Rape Kit – Confrontation Clause*

Everett claims that the state district court erred in admitting the victim's rape kit,

specifically that the writings on the rape kit's evidence property report and envelope

violated his Confrontation Clause rights.[9]  Everett disagrees with the Colorado Court of

Appeals' characterization of these documents as business records and argues that the rape

kit was testimonial evidence because it was "created specifically for use at trial, and to

prove the fact that this evidence is how [he] and the alleged victim had sexual contact

with each other."  Application, at 18.

As previously stated, the Colorado Court of Appeals determined that the state

district court did not abuse its discretion in admitting the rape kit's evidence property

---

[9] District court's Claim 1, ROA, at 382; Everett's Claim 1, Application, at 3–4, 17–20.

report and envelope under Rule 803(6) of the Colorado Rules of Evidence. *See supra* at 8. The Court of Appeals held that Everett's confrontation rights were not violated because the rape kit's evidence property report and envelope did not constitute testimonial evidence and were properly admitted as business records under Rule 803(6). In reaching this decision, the Court of Appeals stated that a police officer's testimony at trial established that such documents were created regardless of whether the case to which the evidence related was going to trial.

The district court determined that the Court of Appeals' decision that these documents were in fact business records was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Pursuant to § 2254(e)(1), the district court presumed that the state court's factual determinations are correct, and Everett bears the burden of rebutting that presumption by clear and convincing evidence. Everett's argument that the evidence property report and envelope were testimonial evidence because they were created for use at trial does not overcome the presumption of correctness of the police officer's testimony at trial, which established that a crime scene investigation technician created the documents following the police department's normal course of business in processing and storing evidence from a crime scene. Further, the district court concluded that the Court of Appeals' legal determination that the evidence property report and envelope were not testimonial is not contrary to or an unreasonable application of a clearly established rule of federal law as determined by the Supreme Court. *See, e.g.*, *Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 324 (2009) ("Business and public records are generally admissible absent

15

confrontation not because they qualify under an exception to the hearsay rules, but because—having been created for the administration of an entity's affairs and not for the purpose of proving some fact at trial—they are not testimonial."); *Crawford v. Washington* 541 U.S. 36, 68–69 (2004) (the Confrontation Clause bars the introduction into evidence of out-of-court statements that are testimonial in nature).  After reviewing the record on appeal, we conclude that reasonable jurists would not disagree with the district court's conclusions.

### 2.    *Right to a Public Trial – Preliminary Hearing*

Everett claims that the state district court violated his right to a public trial by closing the preliminary hearing to the public during the victim's testimony.[10]  He argues that the alleged error was to be reviewed under the "structural error standard where defendant need not show prejudice because the error effected [sic] the entire framework of the proceedings."  Application, at 4.  He further argues that when a trial court "erroneously deprives a defendant of this right, the error is structural and requires automatic reversal."  *Id.* at 5.  In support, he cites *People v. Lujan*, 484 P.3d 718 (Colo. App. 2018), *rev'd*, 461 P.3d 494 (Colo. 2020), a Colorado Court of Appeals case discussing a criminal defendant's right to a public trial that was reversed by the Colorado Supreme Court.

During Everett's pretrial proceedings, the prosecutor asked the state district court to close the preliminary hearing to the public for the alleged victim's testimony pursuant

---

[10] District court's Claim 4, ROA, at 382; Everett's Claim 2, Application, at 4–6.

to C.R.S. § 16-5-301(2) (addressing state court's ability to close preliminary hearings in sexual assault cases). Defense counsel objected, arguing that the jury should decide whether the victim was in fact a sexual assault victim and that Everett was in jail and did not have family or friends there. The state district court analyzed the issue under C.R.S. § 16-5-301(2) and determined that the victim's testimony, which included the victim's retrieval of "the condom from inside her vagina," concerned a matter of extreme privacy. ROA, at 551–52. As a result, the state district court decided to close the preliminary hearing to the public during the victim's testimony to prevent the court process from compounding the victim's emotional trauma.

On direct appeal, Everett presented a different argument and asserted that the state district court failed to comply with the requirements of *Waller v. Georgia*, 467 U.S. 39 (1984). In particular, Everett argued that the court (1) did not make sufficient findings showing that the interest asserted was an "overriding interest" under *Waller* or (2) did not consider reasonable alternatives to closing the hearing to the public for all of victim's testimony. The Colorado Court of Appeals found that the applicable standard of review was plain error because defense counsel did not object to the closure for the reasons Everett asserted on appeal. *See People v. DeWitt*, 275 P.3d 728 (Colo. App. 2011) (reviewing unpreserved claim of constitutional error for plain error). The Court of Appeals further concluded that assuming that the state district court erred, Everett did not assert and the record did not suggest that any such error "so undermine[d] the fundamental fairness of [his later] trial as to cast serious doubt on the reliability of the

17

judgment of conviction." ROA, at 552–53 (discussing relevant case law cited by Colorado Court of Appeals).

The district court determined that Everett failed to establish that the Court of Appeals' decision was contrary to, or an unreasonable application of, clearly established Supreme Court precedent because he failed to identify any materially distinguishable Supreme Court decision that would have compelled a different result. The district court also determined that the Court of Appeals' decision was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. After reviewing the record on appeal, we conclude that reasonable jurists would not disagree with the district court's conclusions.

### 3. *Insufficient Evidence to Support Conviction*

Everett claims that the evidence was insufficient to support the conviction for sexual assault of a physically helpless victim.[11] He argues that the jury drew the conclusion based on "an unreasonable determination that the alleged victim was not physically helpless enough to be not kidnapped, but was physically helpless enough to be sexually assaulted without any additional evidence to support that conclusion." Application, at 6.

The Court of Appeals rejected Everett's sufficiency-of-the-evidence claim and determined that based on the evidence, the jury could reasonably infer that (1) the victim was intoxicated to the point of physical helplessness on the night of the assault and

---

[11] District court's Claim 5, ROA, at 382; Everett's Claim 3, Application, at 6.

(2) Everett knew that she was physically helpless. Further, the victim testified that she had not consented to have sexual relations with Everett that night.

The district court analyzed the claim under *Jackson v. Virginia*, 443 U.S. 307, 319 (1979), in which the Supreme Court held that "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Moreover, the district court noted that a federal court on habeas review "may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court" and "instead may do so only if the state court decision was objectively unreasonable." *Coleman v. Johnson*, 566 U.S. 650, 651 (2012) (per curiam) (internal quotation marks omitted). The district court then concluded that (1) Everett did not identify any materially indistinguishable Supreme Court decision requiring a different result and (2) Everett's conclusory assertions were insufficient to rebut the § 2254(d)(2) presumption and demonstrate that the Court of Appeals' resolution of this claim—given the evidence presented at trial, considered by the jury, and weighed in favor of the prosecution—was objectively unreasonable. After reviewing the record on appeal, we conclude that reasonable jurists would not disagree with the district court's conclusions.

### 4.    *Constitutionality of the Colorado Sex Offender Lifetime Supervision Act of 1998*

Everett claims that the Colorado Sex Offender Lifetime Supervision Act of 1998

("SOLSA") is unconstitutional.[12]  He asserts that SOLSA is "the epitome of cruel and

unusual punishment" and violates Equal Protection under the Eighth and Fourteenth

Amendments.  Application, at 8.  He argues that "jurists of reason could differ about

Colorado's legislative intent (or agree) that physically helpless is defined as someone

who is paralyzed, elderly, severe cognitive disabilities, infantile, or someone who suffers

from a form of mental retardation" and "[n]ot someone who goes out to a bar, gets

voluntarily intoxicated, goes home with someone willingly and regrets it the next

morning, then after almost 2 years he gets charged with a sex-offense, because she

possibly committed adultery or the person was not attractive as first thought." *Id.* at 9.

He further contends that SOLSA does not have the necessary enacting clause.

On direct appeal, the Court of Appeals rejected Everett's constitutional arguments

against SOLSA for reasons already addressed and rejected by divisions of the court in

*People v. Firth*, 205 P.3d 445 (Colo. App. 2008); *People v. Lehmkuhl*, 117 P.3d 98 (Colo.

App. 2004); *People v. Dash*, 104 P.3d 286 (Colo. App. 2004); *People v. Oglethorpe*, 87

P.3d 129 (Colo. App. 2003); and *People v. Strean*, 74 P.3d 387 (Colo. App. 2002).

The district court determined that (1) Everett failed to demonstrate that the Court

of Appeals' rejection of his constitutional claims challenging SOLSA was either contrary

---

[12] District court's Claim 9, ROA, at 383; Everett's Claim 4, 4(a), Application, at 7–10, 20–24.

to or an unreasonable application of clearly established federal law and (2) the Court of Appeals' ruling, based on state court cases, was not "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." ROA, at 571 (citing *Harrington v. Richter*, 562 U.S. 86, 103 (2011)). In his application for COA, Everett again fails to cite any contradictory governing law set forth in Supreme Court cases or any materially indistinguishable Supreme Court decision that would compel a different result. As the district court noted, "courts uniformly have rejected constitutional challenges to SOLSA as a general matter, as well as the parole process it prescribes." *Id.* (citing Colorado and Tenth Circuit decisions rejecting similar arguments). After reviewing the record on appeal, we conclude that reasonable jurists would not disagree with the district court's conclusions.

### 5.    *Ineffective Assistance of Trial Counsel*

Everett claims that his Sixth Amendment right to effective assistance of trial counsel was violated due to "the cumulative effect of the deficient representation." Application, at 10. In particular, Everett claims that his trial counsel was ineffective for the following reasons: (1) failure to call Everett's father, "the only sole eyewitness to when the sex was happening at his house," and (2) failure to seek a jury instruction on alternative theories.[13] *Id.* at 11. Everett argues that when the trial counsel's alleged errors are taken together, they "indicate a general lack of skill and preparation" and "may deprive [him] of a fair trial." *Id.* at 12.

---

[13] District court's Claims 13–14, ROA, at 383; Everett's Claims 5(1)–5(4), Application, at 10–12.

21

The Colorado Court of Appeals considered this issue under the standard set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984) (crafting a two-part test requiring a defendant show "that counsel's performance was deficient" and "that the deficient performance prejudiced the defense"). Based on the record of the state court proceedings, the Court of Appeals determined that (1) the state district court did not err in concluding that trial counsel investigated Everett's father and made an informed and reasonable decision not to call him as a witness at trial and (2) assuming that counsel was deficient in failing to request a jury instruction based on *People v. Lowe*, 660 P.2d 1261, 1271 (Colo. 1983) (holding that jury should be informed that defendant was being charged with one crime under two alternative theories and that verdict should indicate which theory had been proved by the evidence), the lack of a *Lowe* instruction was not prejudicial to Everett.

As to the witness issue, the district court determined that Everett failed to demonstrate that the Court of Appeals' decision was based on an unreasonable determination of the facts in light of the evidence presented under § 2254(d)(2). As to the jury instruction issue, Everett's conclusory allegations did not persuade the district court that the Court of Appeals was unreasonable in concluding that there was no prejudice based on the alleged instructional error. The district court also determined that Everett failed to rebut the Court of Appeals' factual determinations with clear and convincing evidence or identify any materially indistinguishable Supreme Court decision that would compel a different result. After reviewing the record on appeal, we conclude that reasonable jurists would not disagree with the district court's conclusions.

### 6. *Ineffective Assistance of Appellate Counsel*

Everett claims that his appellate counsel was ineffective for failing to raise the instructional error (failure to seek a jury instruction on alternative theories) on direct appeal.[14] He contends that appellate counsel should have sought a new trial based on the holding in *Lowe* because the jury was not instructed that only one offense was charged and therefore "the functions of the jury were usurped." Application, at 13.

The Colorado Court of Appeals rejected Everett's claim and determined that the remedy provided by the Colorado Supreme Court in *Lowe* was precisely the remedy Everett received on direct appeal—merger of the two convictions. *See* 660 P.2d at 1272 (vacating defendant's two convictions and remanding to the district court to enter a conviction on a single offense). The Court of Appeals agreed with the state district court that Everett had not established a reasonable probability that but for appellate counsel's failure to raise that instructional error, the result of the proceeding would have been different.

The district court again applied *Strickland* as clearly established federal law applicable to an ineffective assistance of appellate counsel. *See Smith v. Robbins*, 528 U.S. 259, 285 (2000) (holding that "the proper standard for evaluating [a] claim that appellate counsel was ineffective . . . is that enunciated in *Strickland*"). In the context of an ineffective assistance of appellate counsel claim, the prejudice prong of *Strickland* requires Everett to "show reasonable probability that, but for his counsel's unreasonable

---

[14] District court's Claim 13, ROA, at 4; Everett's Claim 6, Application, at 13–14.

failure to" raise a particular nonfrivolous issue, "he would have prevailed on his appeal." *Id.* The district court concluded that the Court of Appeals identified the correct legal standard by applying *Strickland*, and Everett did not cite any contradictory governing law regarding ineffective assistance of counsel set forth in Supreme Court cases or any materially indistinguishable Supreme Court decision that would compel a different result. The district court also concluded that Everett failed to demonstrate that the error was prejudicial and a constitutional challenge to the jury instructions on direct appeal would have succeeded, as his two convictions were merged under the remedy established in *Lowe*. We hold that the district court's conclusion is not debatable and does not deserve further encouragement. *See Slack*, 529 U.S. at 484.

## III

Everett's motion for a certificate of appealability is **DENIED**, and this matter is **DISMISSED**. In addition, both pending motions for leave to proceed *in forma pauperis* and for appointment of counsel are **DENIED.**

Entered for the Court

Mary Beck Briscoe
Circuit Judge